UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRENT SMITH,

     Plaintiff,

v.                                                              Case No.  2:26-cv-1256-KCD-NPM

FLORIDA CIVIL COMMITMENT
CENTER,

     Defendant.

                          /

## **ORDER**

Brent Smith, a civilly committed resident of the Florida Civil Commitment Center, has filed a one-page handwritten letter addressed to the Federal Bureau of Investigation. In the letter, he generally complains about irregularities in the underlying conviction that led to his civil commitment. (Doc. 1.) He seeks both release and monetary damages.

Smith's letter did not properly initiate a civil action in this Court. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the Court."). To the extent Smith seeks monetary damages in a civil rights suit under 42 U.S.C. § 1983, he is advised that the Court has approved the use of a § 1983 complaint form for cases filed by those in custody. L.R. 6.04(a) ("A pro se person in custody must use the standard form[.]"). The form requires a plaintiff to include detailed information about the defendants he intends to sue, his litigation history, a statement of claims and facts, and the specific relief requested.

Plaintiff also seeks release. However, this relief is not available in a § 1983 complaint. Instead, he must seek release through a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). And like above, Smith must use the Court's approved form for confined petitioners who file habeas petitions. *See* Local Rule 6.04(a) ("A pro se person in custody must use the standard form" for applications filed under 28 U.S.C. § 2241, 28 U.S.C. § 2254, or 28 U.S.C. § 2255).

The Court thus dismisses this case without prejudice. Because the dismissal is without prejudice, Smith may pursue a new case by filing a proper complaint or petition—not using this case number—and include the filing fee or a motion to proceed *in forma pauperis*.

Accordingly, it is **ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The Clerk is **DIRECTED** to provide Smith with blank 42 U.S.C. § 1983 and 28 U.S.C. § 2241 forms and two applications to proceed in forma pauperis.

3. The Clerk is also **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**ENTERED** in Fort Myers, Florida on April 27, 2026.

Kyle C. Dudek
United States District Judge

Encl: forms

3